ELECTRONICALLY FILED
2023 Aug 18 PM 3:44
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: SG-2023-CV-001522
PII COMPLIANT

**Michael A. Priddle (18825)**
The Law Office of Michael A. Priddle, LLC
445 N. Waco, Wichita, KS 67202
(316)-425-5691 Telephone
(316)425-5697 Facsimile
michael@priddlelaw.com

IN THE DISTRICT COURT FOR THE 18TH JUDICIAL DISTRICT OF KANSAS
SEDGWICK COUNTY, CIVIL DEPARTMENT

L & M Auto Repair, LLC,

       *Plaintiff*,

vs.              Case No. SG-2023 CV_____

Federated Mutual Insurance Company,

       *Defendant.*

**PETITION TO APPOINT UMPIRE**

Pursuant to K.S.A. Chapter 60

  For its Petition against Defendant to appoint an umpire, Plaintiff states:

  1.  Plaintiff is a Kansas limited liability company doing business at 1116 W. 43rd Street, Wichita, Sedgwick County, Kansas, 67217.

  2. Defendant conducts business in Sedgwick County, Kansas, with the Plaintiff and provides commercial insurance for Plaintiff's property in Sedgwick County, Kansas.  Defendant may be served with process at 121 East Park Square, Owatonna, Minnesota, 55060, and 6900 College Boulevard, Suite 700, Overland Park, Kansas, 66211-1842.

  3.  Defendant is not a service member in active duty with the United States Military.

  4. This Court has jurisdiction over the parties and subject matter of this action and venue is proper in this Court.

  5.  Plaintiff and  Defendant executed a commercial insurance policy number 9133721 insuring Plaintiff's property located at 1116 W. 43rd Street, Wichita, Kansas, 67217.

  6.  Plaintiff and Defendant have a dispute over the amount of any covered damages to Plaintiff's commercial property for a loss on or about April 29, 2022.

Exhibit A

7. Plaintiff submitted his estimate to Defendant via Sworn Statement in Proof of Loss and contends that the covered damages total $335,505.15 as of July 1, 2022. See Exhibit hereto. Defendant disputes this amount of damages and suggested an appraisal. Plaintiff selected its appraiser Jeremy Cannefax. Defendant selected appraiser Bob Morris.

8. The appraisal process in Paragraph 2 of the Business Owners Special Property Coverage Form (BP-F-101(08-11)), of the policy provides:

> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will: (a) pay its chosen appraiser; and (b) bear the other expenses of the appraisal and umpire equally.

See Exhibit hereto.

9. The Plaintiff and Defendant have not been able to agree upon an umpire. Therefore, pursuant to the policy's appraisal process, Plaintiff requests that this Court appoint an umpire.

10. "Insurance policies are considered contracts." Amco Ins. Co. v. Beck, 261 Kan. 266, 269 (1996). In Kansas, "the interpretation of a written contract is generally a question of law exclusively for the Court and not a question for the jury." Liggatt v. Emplrs. Mut. Cas. Co., 273 Kan. 915, 926 (2002). "When an insurance contract is not ambiguous, the Court may not make another contract for the parties," but rather, "[i]ts function is to enforce the contract made." Id., at 923. Appraisal clauses are valid and enforceable and should be applied as written, especially where, in Kansas, the clause does not require submission to binding appraisal without consent. See, Sec. Storage Props. v. Safeco Ins. Co. of Am., No. 09-1036-WEB-DWB, 2010 U.S. Dist. Lexis 469930, at 15-16 (D. Kan., May 12, 2010). That is the case here pursuant to the express language of the subject insurance policy.

11. The appointment of an umpire by a Kansas court is permitted and repeatedly performed consistent with the terms of the subject insurance policies. See, Anthony D. Hall v. Am. Security

- 3 -

Ins. Co., Case No. 07-1100-MLB-DWB (D. Kan., July 14, 2008), <u>H2O Hospitality LLC v. Travelers Prop. Cas. Co. of Am.</u>, 2019 Kan. Dist. Lexis 1194; <u>Johnson v. Royal Ins. Co.</u>, 688 P.2d 746 (Kan. App.1984).

12.  The selection of a competent and impartial umpire is not only required by the subject policy and Kansas law, but also as a practical matter, as the appraisal process only works if competent and impartial umpires are selected.

13.  Plaintiff stands ready to proceed with the appraisal process in accordance with the subject insurance policy and requests that this Court appoint a competent and impartial umpire with a background and experience in commercial damage evaluation and for such other and further relief as Plaintiff may be justly entitled.

14.  A copy of the proposed order to appoint is attached hereto.

WHEREFORE, Plaintiff requests that this Court appoint an umpire consistent with the subject insurance policy

        Respectfully Submitted,

        *Attorney for Plaintiff*

By:   /s/ Michael A. Priddle
      Michael A. Priddle (No. 18825)