IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| L & M AUTO REPAIR, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>FEDERATED MUTUAL INSURANCE COMPANY,<br><br>      Defendant. | Case No. 6:23-cv-01203-JAR-TJJ |

## RESPONSE TO PETITION TO APPOINT UMPIRE

Defendant, FEDERATED MUTUAL INSURANCE COMPANY ("FEDERATED"), by its attorneys, Lewis Brisbois Bisgaard & Smith LLP, for its Response to Plaintiff's Petition to Appoint Umpire, states as follows:

1. Plaintiff is a Kansas limited liability company doing business at 1116 W. 43rd Street, Wichita, Sedgwick County, Kansas, 67217.

**RESPONSE:** FEDERATED admits the allegations contained in this paragraph.

2. Defendant conducts business in Sedgwick County, Kansas, with the Plaintiff and provides commercial insurance for Plaintiff's property in Sedgwick County, Kansas. Defendant may be served with process at 121 East Park Square, Owatonna, Minnesota, 55060, and 6900 College Boulevard, Suite 700, Overland Park, Kansas, 66211-1842.

**RESPONSE:** FEDERATED admits that it issued a policy of insurance to Plaintiff L&M AUTO REPAIR, LLC ("L&M") under policy number 9133719 (the "Policy") and that the Policy designated premises at 1116 W. 43rd Street, Wichita, Sedgwick County, Kansas, 67217 (the "Property") as a covered location. FEDERATED denies all remaining allegations in this paragraph as constituting conclusions of law.

3. Defendant is not a service member in active duty with the United States Military.

**RESPONSE:** FEDERATED admits the allegations contained in this paragraph.

4. This Court has jurisdiction over the parties and subject matter of this action and venue is proper in this Court.

**RESPONSE:** FEDERATED neither admits nor denies the conclusion of law asserted in this paragraph concerning the existence of jurisdiction and the propriety of venue in the District Couret for the 18th Judicial District of Kansas, Sedgwick County. FEDERATED affirmatively asserts that, there being complete diversity between the parties and the amount in controversy exceeding $75,000.00, this Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(1) and § 1441(a).

5. Plaintiff and Defendant executed a commercial insurance policy number 9133721 insuring Plaintiff's property located at 1116 W. 43rd Street, Wichita, Kansas, 67217.

**RESPONSE:** FEDERATED admits that it issued the Policy and that the Policy designated the Property as a covered location. FEDERATED denies all remaining allegations in this paragraph inconsistent with this answer.

6. Plaintiff and Defendant have a dispute over the amount of any covered damages to Plaintiff's commercial property for a loss on or about April 29, 2022.

**RESPONSE:** FEDERATED admits that it disagrees with L&M concerning the amount of the loss allegedly sustained as a result of a loss claimed to have occurred on April 29, 2022.

7. Plaintiff submitted his estimate to Defendant via Sworn Statement in Proof of Loss and contends that the covered damages total $335,505.15 as of July 1, 2022. See Exhibit hereto. Defendant disputes this amount of damages and suggested an appraisal. Plaintiff selected its Appraiser Jeremy Cannefax. Defendant selected appraiser Bob Morris.

**RESPONSE:** FEDERATED admits that it received a document signed on July 1, 2022 purporting to be a Sworn Statement in Proof of Loss but denies that that document was a Sworn Statement in Proof of Loss as it was not sworn to nor did it include the information requested by FEDERATED, both of which are requirements of the Policy. FEDERATED also denies that a copy of the ostensible Sworn Statement in Proof of Loss was attached as an Exhibit to the copy of the Petition served upon it. FEDERATED admits that it disagrees with L&M concerning the amount of the

loss allegedly sustained as a result of a loss claimed to have occurred on April 29, 2022. FEDERATED denies that it "suggested an appraisal" in response to its receipt of the document signed on July 1, 2022 purporting to be a Sworn Statement in Proof of Loss and affirmatively asserts that it rejected that document as a proper proof of loss on July 28, 2022. FEDERATED admits that it demanded an appraisal in response to a Sworn Statement in Proof of Loss it received from L&M on May 24, 2023 and that it designated Bob Morris as its appraiser. However, FEDERATED subsequently informed L&M that Mr. Morris could not act as an appraiser and identified John Miller of Western Claims Services as its appraiser. FEDERATED admits that Plaintiff identified Jeremy Cannefax as its appraiser.

8. The appraisal process in Paragraph 2 of the Business Owners Special Property Coverage Form (BP-F-101(08-11)), of the policy provides:

> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will: (a) pay its chosen appraiser; and (b) bear the other expenses of the appraisal and umpire equally.

See Exhibit hereto.

**RESPONSE:** FEDERATED neither admits nor denies the assertions contained in this paragraph stating that the Policy speaks for itself.

9. The Plaintiff and Defendant have not been able to agree upon an umpire. Therefore, pursuant to the policy's appraisal process, Plaintiff requests that this Court appoint an umpire.

**RESPONSE:** FEDERATED denies that the parties have been unable to agree upon an umpire.

10. "Insurance policies are not considered contracts." Amco Ins. Co. v. Beck, 261 Kan. 266, 269 (1996). In Kansas, "the interpretation of a written contract is generally a question of law exclusively for the Court and not a question for the jury." Liggatt v. Emplrs. Mut. Cas. Co., 273

Kan. 915, 926 (2002). "When an insurance contract is not ambiguous, the Court may not make another contract for the parties," but rather, "[i]ts function is to enforce the contract made." Id., at 923. Appraisal clauses are valid and enforceable and should be applied as written, especially where, in Kansas, the clause does not require submission to binding appraisal without consent. See, Sec. Storage Props. v. Safeco Ins. Co. of Am., No. 09-1036-WEB-DWB, 2010 U.S. Dist. Lexis 469930, at 15-16 (D. Kan., May 12, 2010). That is the case here pursuant to the express language of the subject insurance policy.

**RESPONSE:** FEDERATED neither admits nor denies the conclusion of law asserted in this paragraph.

11. The appointment of an umpire by a Kansas court is permitted and repeatedly performed consistent with the terms of the subject insurance policies. See, Anthony D. Hall v. Am. Security Ins. Co., Case No. 07-1100-MLB-DWB (D. Kan., July 14, 2008), H20 Hospitality LLC v. Travelers Prop. Cas. Co. of Am. 2019 Kan. Dist. Lexis 1194; Johnson v. Royal Ins. Co., 688 P.2d 746 (Kan. App.1984).

**RESPONSE: :** FEDERATED neither admits nor denies the conclusion of law asserted in this paragraph.

12. The selection of a competent and impartial umpire is not only required by the subject policy and Kansas law, but also as a practical matter, as the appraisal process only works if competent and impartial umpires are selected.

**RESPONSE:** FEDERATED neither admits nor denies the conclusion of law asserted in this paragraph.

13. Plaintiff stands ready to proceed with the appraisal process in accordance with the subject insurance policy and requests that this Court appoint a competent and impartial umpire with a background and experience in commercial damage evaluation and for such other and further relief as Plaintiff may be justly entitled.

**RESPONSE:** FEDERATED lacks knowledge or belief sufficient to form a belief about the truth of the assertions contained in this paragraph.

WHEREFORE, Defendant, FEDERATED MUTUAL INSURANCE COMPANY requests that this Honorable Court deny Plaintiff L&M AUTO REPAIR, LLC. Petition to Appoint Umpire.

# AFFIRMATIVE DEFENSE

# FIRST AFFIRMATIVE DEFENSE

1. The Policy provides, in pertinent part, as follows:

    **2. Appraisal**

    If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

    **a.** Pay its chosen appraiser; and

    **b.** Bear the other expenses of the appraisal and umpire equally.

    If there is an appraisal, we will still retain our right to deny the claim.

2. The Policy also provides, in pertinent part, as follows:

    **3. Duties in the Event of Loss or Damage**

    **a.** You must see that the following are done in the event of loss or damage to Covered Property:

    \* \* \*

    **(8)** Cooperate with us in the investigation or settlement of the claim.

3. L&M has retained Wichita Home Specialists to repair the damage it claims the Property sustained on April 29, 2022.

4. L&M has selected Jeremy Cannefax as its appraiser.

5.   FEDERATED has become aware that Mr. Cannefax made certain posts on the Facebook page of Wichita Home Specialists that suggests that Mr. Cannefax is not an impartial appraiser.

6.   FEDERATED has heretofore requested information concerning Mr. Cannefax's impartiality as well as the relationship between Mr. Cannefax and Wichita Home Specialists but has not received any of the information it has requested.

7.   L&M's failure to respond to FEDERATED's requests is a violation of its duty to cooperate under the Policy.

## SECOND AFFIRMATIVE DEFENSE

1-5.   FEDERATED repeats and realleges the allegations contained in paragraph 1-5 of its First Affirmative Defense as its allegations in paragraphs 1-5 of its Second Affirmative Defense.

6.   On information and belief, Jeremy Cannefax is not an impartial appraiser.

7.   Any action to enforce the Appraisal provision of the Policy should be stayed until L&M selects a competent and impartial appraiser.

WHEREFORE, Defendant, FEDERATED MUTUAL INSURANCE COMPANY requests that this Honorable Court deny Plaintiff L&M AUTO REPAIR, LLC's Petition to Appoint Umpire.

/s/ Jeremy K. Schrag
Jeremy K. Schrag, KS #24164
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, KS 67206
Telephone: (316) 609-7900
Facsimile:  (316) 462-5746
jeremy.schrag@lewisbrisbois.com

*Attorney for Defendant FEDERATED MUTUAL INSURANCE COMPANY*

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2023, the above Response to Petition to Appoint Umpire was filed using the court's CM/ECF System which will send notice to all counsel of record.

/s/ Jeremy K. Schrag
Jeremy K. Schrag