IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| L & M AUTO REPAIR, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERATED MUTUAL INSURANCE COMPANY,<br><br>    Defendant. | Case No. 23-CV-1203-JAR-TJJ |

**MEMORANDUM AND ORDER**
**AND**
**NOTICE TO SHOW CAUSE**

This case arises out of a dispute between an insured party, Plaintiff L&M Auto Repair, LLC, and its insurer, Defendant Federated Mutual Insurance Company, over the value of property damaged in a hailstorm. This matter is presently before the Court on Defendant's Motion to Disqualify Appraiser (ECF No. 12). Defendant insurer requests the Court enter an order disqualifying the appraiser Plaintiff selected, under the terms of the commercial insurance policy issued by Defendant ("Insurance Policy"), for lack of impartiality. It also requests the Court order Plaintiff to select another appraiser who is impartial and hold further proceedings in abeyance until after the parties' chosen appraisers determine whether they can agree on an umpire. Plaintiff did not file a response to Defendant's motion. As explained below, the motion is granted.[1]

---

[1] Defendant's Motion to Disqualify Appraiser is not dispositive of a party's claim or defense. This Court therefore rules on it under the authority conferred by 28 U.S.C. § 363(b) and Fed. R. Civ. P. 72(a) as a non-dispositive pretrial matter. If any party challenges the authority of the Magistrate Judge to rule on this motion, a specific written objection must be filed within 14 days of service. Fed. R. Civ. P. 72(b)(2).

I.      **Factual and Procedural Background**

Plaintiff made a claim under the Insurance Policy for damages to its property resulting from a hailstorm. The Insurance Policy includes the following provision setting out the appraisal process if the amount of loss is disputed:

> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will: (a) pay its chosen appraiser; and (b) bear the other expenses of the appraisal and umpire equally.[2]

Defendant disputed the amount of Plaintiff's damages estimate and demanded an appraisal. Plaintiff selected Jeremy Cannefax as its appraiser. Defendant selected Bob Morris as its appraiser. Plaintiff filed a Petition to Appoint Umpire in the District Court of Sedgwick County, Kansas on August 18, 2023,[3] alleging Plaintiff and Defendant's appraisers were not able to agree upon an umpire. The Petition requested the appointment of an umpire pursuant to the terms of the Insurance Policy.

Defendant removed the action to this Court on September 21, 2023, and filed its Answer (ECF No. 11) and Motion to Disqualify Appraiser on October 12, 2023. The Court entered an initial order setting a scheduling conference, which was rescheduled to January 9, 2024, and the Court extended the deadline for the parties to email their Rule 26(a)(1) initial disclosures and jointly proposed scheduling order (after conferring in good faith) to January 2, 2024.[4] Prior to

---

[2] Insurance Policy, Ex. B to Def.'s Mem. In Supp. of Mot. to Disqualify Appraiser, ECF No. 13-2, at 32.

[3] State court Petition, ECF No. 1-1.

[4] Order Continuing Sch. Conf., ECF No. 18.

continuing the scheduling conference, chambers staff contacted counsel and confirmed their availability on January 9th.

On January 2, 2024, Defendant emailed chambers a proposed scheduling order and its Rule 26(a)(1) initial disclosures. Defendant stated it had been unable to make contact with Plaintiff's counsel after several attempts to communicate both via email and phone, and therefore Plaintiff had not provided input on the proposed schedule.

On January 9, 2024, Defendant appeared through its counsel at the scheduling conference, but there was no appearance for Plaintiff.

## II.     Defendant's Requested Relief

Defendant seeks disqualification of Plaintiff's selected appraiser, Jeremy Cannefax, challenging his impartiality based upon his alleged alignment with Wichita Home Specialists ("WHS"), the contractor whose estimate forms the basis for Plaintiff's damages claim. Defendant argues Mr. Cannefax has refused to be fully transparent concerning his relationship with WHS, even though his comments on the WHS Facebook page clearly show there is a close and ongoing relationship. Defendant further argues Mr. Cannefax's posts on the WHS Facebook page emphasize the general pro-insured/anti-insurer advocacy prevalent on that page. Defendant's motion is well-supported. Attached to the motion is the detailed Affidavit of its Field Team Supervisor, Kent Garretson, including nine exhibits (WHS's contract for services with Plaintiff and its estimate, Plaintiff's proof of loss, Mr. Garretson's correspondence to Plaintiff, the Facebook posts Mr. Cannefax made on WHS's page, and Mr. Cannefax's email and "Declaration of Impartiality").

> A.   **Plaintiff Does Not Contest Defendant's Contention that the Appraiser Selected by Plaintiff is Not Impartial**

The Court finds that the material facts set forth in Defendant's motion—which Plaintiff has not disputed—establish on their face that Jeremy Cannefax, Plaintiff's selected appraiser, is not impartial as required by the Insurance Policy. Mr. Garretson, who is responsible for handling Plaintiff's claim, states in his Affidavit that he performed due diligence through online research regarding Mr. Cannefax, in accordance with the requirement of the Policy, to determine whether Mr. Cannefax is "competent and impartial."[5] During his research, Mr. Garretson accessed WHS's Facebook page and discovered that Mr. Cannefax made several posts on that page that Mr. Garretson considered to be indicative of a relationship between Mr. Cannefax and WHS, as well as a lack of impartiality on the part of Mr. Cannefax.[6] Defendant has thus shown that Mr. Cannefax has some type of relationship with WHS through these Facebook posts. No rebuttal is offered by Plaintiff.

Mr. Garretson further states in his Affidavit that he sent a letter to Plaintiff on July 14, 2023, asking for detailed information concerning the extent of any financial relationship with WHS and any financial interest Mr. Cannefax might have in the outcome of the appraisal and, in particular, any agreement for compensation he might have with WHS.[7] Mr. Cannefax responded by email on July 19, 2023, stating that he thought the request for his "finances" was "unreasonable" and attaching his "Declaration of Impartiality" on the stationery of a company named "Blue Chip

---

[5] Garretson Aff., ¶ 8, Ex. A to Def.'s Mem. In Supp. of Mot. to Disqualify Appraiser, ECF No. 13-1.

[6] *Id.*

[7] Garretson Aff., ¶ 9.

Consulting, Inc."[8] The Court agrees with Defendant that Mr. Cannefax's response is unpersuasive; he did not mention WHS or elucidate on the apparently close relationship he has with that company as demonstrated by his several posts on its Facebook page. Moreover, it is telling that Plaintiff never filed a response in this case making any arguments based upon Mr. Cannefax's July 19, 2023 email or his "Declaration of Impartiality."

Again, Plaintiff does not contest any of the statements made by Mr. Garretson's in his Affidavit. The Court therefore accepts them as established for purposes of ruling on this motion. Based on these undisputed statements, the Court finds Defendant has sufficiently established that Plaintiff's selected appraiser should be disqualified because he is not impartial as required by the Insurance Policy in this case.

### B. Defendant Has Sufficiently Shown the Request for the Appointment of an Umpire is Premature

Defendant contends the relief sought in Plaintiff's Petition, requesting the appointment of an umpire, is premature because Plaintiff has yet to name an impartial appraiser, who would then confer with Defendant's appraiser to select an umpire. It requests that this Court hold further proceedings requesting the appointment of an umpire in abeyance pending the inability, if any, of the parties' impartial appraisers to agree on an umpire.

The Court finds Plaintiff's petition requesting the appointment of an umpire is premature. The Insurance Policy provides that the insured and insurer each select a competent and impartial appraiser. The two appraisers will then select an umpire. Only then, if the appraisers cannot agree on an umpire, may either party request that selection be made by a judge of a court having jurisdiction. Defendant has successfully challenged the impartiality of Plaintiff's selected

---

[8] Garretson Aff., ¶ 10. Ex. 8 to Garretson Aff., ECF No. 13-1, at 39.

appraiser, which will require Plaintiff to select another appraiser. It is therefore premature at this point to proceed on Plaintiff's request for the appointment of an umpire. Accordingly, the Court will grant Defendant's request to hold further proceedings (requesting the appointment of an umpire) in abeyance at this time.

Furthermore, given Plaintiff's complete failure to participate in this case,[9] either to prosecute its Petition to Appoint Umpire or to respond to Defendant's Motion to Disqualify Appraiser, the Court will require Plaintiff to act by January 31, 2024. By that date, Plaintiff shall either file with the Court and serve upon Defendant its Notice stating the name and contact information of its selected impartial appraiser, or show cause in writing why this case should not be dismissed for lack of prosecution.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Disqualify Appraiser (ECF No. 12) is granted. Plaintiff's selected appraiser, Jeremy Cannefax, is hereby disqualified from serving as an appraiser in this matter, under the terms of the Insurance Policy, for lack of impartiality.

**IT IS FURTHER ORDERED** that by **January 31, 2024**, Plaintiff shall either (1) file with the Court and serve upon Defendant its Notice stating the name and contact information of its selected impartial appraiser, or (2) show cause in writing why this case should not be dismissed for lack of prosecution.

**IT IS FURTHER ORDERED** that all discovery, further pretrial proceedings, and deadlines in this case are hereby stayed pending further order of the Court.

IT IS SO ORDERED.

---

[9] Plaintiff failed to participate in the parties' Rule 26(f) planning conference, in the preparation of a jointly proposed scheduling order, to serve its Rule 26(a)(1) initial disclosures, or to appear at the January 9, 2024 scheduling conference.

Dated January 17, 2024, at Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge