**Michael A. Priddle (18825)**
The Law Office of Michael A. Priddle, LLC
445 N. Waco, Wichita, KS 67202
(316)-425-5691 Telephone
(316)425-5697 Facsimile
michael@priddlelaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| L & M Auto Repair, LLC, <br><br> *Plaintiff*, <br><br> vs. <br><br> Federated Mutual Insurance Company, <br><br> *Defendant.* | Case No. 6:23-CV-01203-TC-TJJ |

**Plaintiff's Status Report and Request to Appoint**

Pursuant to this Court's April 11, 2024, order, Plaintiff reports as follows:

1. Plaintiff had difficulties getting its original appraiser to respond, ultimately resulting in that original appraiser's removal and Plaintiff appointing a new appraiser, to wit:

> Steven Shannon
> Disaster Response Group
> 10547 Bondesson Circle
> Omaha, NE, 68122
> (402) 210-6969
> sshannon@senddrg.com

2. Mr. Shannon then sent Plaintiff a contract to sign and return with the retainer fee.

3. On March 26, 2024, Plaintiff sent the contract and retainer fee to Mr. Shannon.

4. Mr. Shannon retrieved the contract and retainer fee from his post office box on or about April 11, 2024, and Plaintiff advised the Court that Mr. Shannon was proceeding.

5. Mr. Shannon has been working with Mr. John Miller, Defendant's appraiser, to select an umpire per the policy.

6. Mr. Shannon submitted his list of ten umpires to Mr. Miller. Mr. Shannon's list of umpires is attached hereto along with each potential umpires' resumes and information. To date, Mr. Miller has not selected any of Mr. Shannon's proposed umpires.

7. Mr. Miller submitted his list of nine umpires to Mr. Shannon. Mr. Miller's list is attached hereto.

8. Since exchanging lists, Mr. Shannon has been attempting to get information from Mr. Miller's potential umpire appointees.

9. Mr. Shannon has rejected the potential umpires on Mr. Miller's list. The reasons for Mr. Shannon's rejections are listed on his attached spreadsheet. As stated, Mr. O'Hara was rejected for being partial and inconsistencies in his claimed experience, one appointee did not have proper contact information to even contact, and the remaining seven appointees did not respond to Mr. Shannon and were rejected.

10. Per the policy (the relevant part attached hereto), if the two appraisers cannot agree on an umpire, either party may request that the Court select an umpire.

11. Per the policy, Plaintiff would request that the Court select either:

(A) Mark A. Higgins, who has 30 years of experience working as a residential and commercial property adjuster since April 1994; has extensive experience handling hail loss claims; has an educational background in construction management; was a General Contractor (class C); and has experience with Large Loss/Estimatics, OSHA, Residential/Commercial Underwriting, Appraising, and being an Umpire.

(B) Toby Johnson who is an insurance consultant and adjuster with more than 20 years of

experience and has adjusted insurance claims in nineteen states on behalf of more than seventy insurance companies, including seven of the largest carriers in the United States; Having more than 15 years of experience as an insurance carrier and policyholder appraiser, he is frequently called upon to serve as a neutral appraisal umpire across the country and has successfully resolved complex disputes on losses in excess of $20 million; he has also been designated as a court-appointed neutral umpire in numerous courts across Florida, Iowa, Kentucky, North Carolina, Tennessee, and Wyoming; he has also served as an arbitrator member for Arbitration Tribunals concerning property insurance dispute resolution matters; and he has evaluated more than 6,000 roof systems totaling and is uniquely skilled at appraising roof-related damage and repair costs.

12. Plaintiff submits attached hereto a proposed order appointing the selected umpire and, once selected, Mr. Shannon and Mr. Miller will produce their separate statements of loss to the umpire within thirty days.

13. Plaintiff will dismiss this case with prejudice once the umpire has completed his duties per the Court's order to appoint.

14. Plaintiff shows cause that since appointing its new appraiser, Plaintiff has produced qualified appointees for an umpire, attempted to vet Defendant's listed appointees, has worked with Defendant's appraiser to advance this claim, and is ready to inspect the property and provide its statement of loss to the selected umpire.

Respectfully Submitted:

*Attorney for Plaintiff*

By:   /s/ Michael A. Priddle
      Michael A. Priddle (No. 18825)