**In the United States District Court
for the District of Kansas**

Case No. 23-cv-01203-TC-TJJ

L & M Auto Repair, LLC,

*Plaintiff*

v.

Federated Mutual Insurance Company,

*Defendant*

## ORDER ADOPTING REPORT & RECOMMENDATION

Plaintiff L & M Auto Repair, LLC sued its insurer, Federated Mutual Insurance Company, in state court over an insurance issue. Doc. 1-1. Federated Mutual removed to federal court. Doc. 1. The parties' insurance contract governs disputes over the amount of an alleged loss, subjects such disputes to appraisal, and permits each party to select an appraiser. Doc. 35 at 2. The appraisers then select an umpire. *Id.* If the appraisers cannot agree on an umpire, a judge can pick one. *Id.* at 2–3. As a result of this process, the parties submitted proposed umpires to Magistrate Judge Teresa J. James, who issued a Report and Recommendation. *Id.*

The R&R recommends that a certain person, Toby Johnson, "be appointed as umpire under the terms of the Insurance Policy." Doc. 35 at 7. It makes several further recommendations regarding the parties and the umpire: that "Johnson be reminded of his responsibility as umpire not to undertake a new … appraisal" and that "the parties be ordered to cooperate with the appraisers and the appointed umpire in all respects." *Id.* at 8. It also recommends that "each party's appraiser be ordered to produce his statement of loss to the umpire within thirty (30) days of the date the final order appointing the umpire is filed," and that "the umpire be ordered to complete the required work and deliver to the Court and parties his written decision as to the amount of loss in accordance with the subject Insurance Policy within forty-

1

five (45) days of the date the umpire receives both appraisers' statements of loss." *Id.* (emphasis omitted).

Finally, the R&R informed the parties that they must object to it, if at all, within a fourteen-day period, and that failing to do so waives appellate review. Doc. 35 at 1. Indeed, when a magistrate judge issues a report and recommendation on a dispositive pretrial matter, a party objecting to the recommendation must "serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district judge must then

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Where a party fails to make a proper objection, a district court may review the recommendation under any standard it deems appropriate, even for clear error. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted); 12 Wright & Miller, *Federal Practice and Procedure* § 3070.1 (3d ed.) ("[F]ailure to make appropriately specific objections [to an R&R] excuses the district judge from doing a de novo review.").

Fourteen days have passed since the Report and Recommendation was filed and the parties filed no response to it. And after reviewing the pleadings submitted, there appears to be no error in Judge James's conclusions or recommendations. As a result, the R&R is adopted in its entirety.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Report and Recommendation, Doc. 35, is adopted in its entirety.

IT IS SO ORDERED.

Date: June 6, 2024            s/ Toby Crouse
                              Toby Crouse
                              United States District Judge

2